Annette F. Mijanovic (Bar No. 264638)
 amijanovic@hbblaw.com
Philip E. McDermott (Bar No. 305530)
 pmcdermott@hbblaw.com
HAIGHT BROWN & BONESTEEL LLP
555 South Flower Street, Forty-Fifth Floor
Los Angeles, California 90071
Telephone:  213.542.8000
Facsimile:  213.542.8100

Attorneys for Specially Appearing
Defendant SANTA YNEZ BAND OF
CHUMASH MISSION INDIANS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JANE DOE,<br><br>          Plaintiff,<br><br>     v.<br><br>SANTA YNEZ BAND OF MISSION INDIANS, an Indian tribe; RODOLFO RODRIGUEZ, an individual; and DOES 1-50, inclusive,<br><br>          Defendants. | Case No.<br><br>**NOTICE OF REMOVAL** |

TO THE HONORABLE COURT, TO PLAINTIFF, AND TO HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. Sections 1331, 1441, and 1446, Specially Appearing Defendant, SANTA YNEZ BAND OF CHUMASH MISSION INDIANS ("Defendant"), hereby gives notice of the removal of the action, *Jane Doe vs. Santa Ynez Band of Mission Indians, Rodolfo Rodriguez, and Does 1-50 inclusive*, Case No. 21CV04421, which is currently pending in the Superior Court of California, Santa Barbara County, to this United States District

Court for the Central District of California, Western Division, on the basis of federal question jurisdiction.

In support of such removal, Defendant states as follows:

1. On November 2, 2021, Plaintiff Jane Doe ("Plaintiff") filed a Complaint in the Superior Court of California, Santa Barbara County under Case No. 21CV04421 (the "State Court Action"). A true and correct copy of the Complaint is attached as **Exhibit A** to the Declaration of Annette F. Mijanovic filed concurrently herewith. *See* Declaration of Annette F. Mijanovic, ¶ 2.

2. Santa Ynez Band of Chumash Mission Indians informally received a copy of the Complaint on October 27, 2021 and was served formally with the Complaint on November 17, 2021. Declaration of Annette F. Mijanovic, ¶ 3.

3. There are no other pleadings on file in the State Court Action at the time of this Removal.

4. Pursuant to 28 U.S.C. Section 1331, this Court has original jurisdiction over the Complaint. Specifically, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

5. Federal question jurisdiction exists where either the complaint presents claims subject to complete federal preemption or if the resolution of the state law claims implicates a substantial question of federal law. *Hall v. North American Van Lines, Inc.*, 476 F.3d 683, 687 (2007). A resolution of state law claims implicates a substantial question of federal law if the complaint introduces federal legal issues that are (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in a federal court without disrupting the federal-state balance of power. *Gunn v. Minton*, 568 U.S. 251, 258 (2013).

6. The claims brought in Plaintiff's Complaint are subject to complete federal preemption due to the presence of allegations relating to the Indian Gaming Regulatory Act ("IGRA"). In particular, paragraph 7 of Plaintiff's Complaint makes

1. various allegations regarding provisions of the 2015 Tribal-State Gaming Compact between Defendant and the State of California (the "Compact"), and Plaintiff also attaches the Compact as an exhibit to the Complaint. The Compact is subject to IGRA, which is a statute that completely preempts state law claims that interfere with processes mandated and regulated by the IGRA. *See Gaming Corp. of Am. v. Dorsey & Whitney*, 88 F.3d 536, 543 (8th Cir. 1996).

7. Further, Plaintiff's Complaint necessarily raises and actually disputes the application of substantial federal law that is capable of and required to be resolved in a federal court without any disruption of the federal-state balance of power. "Indian sovereignty and the congressional goal of Indian self-government … [are] important federal interests." *California v. Cabazon Band of Mission Indians,* 480 U.S. 202, 216-217 (1987) (superseded by statute on other grounds as stated in *Michigan v. Bay Mills Indian Community* 572 U.S. 782 (2004)).

8. "Indian General principles of federal contract law govern the Indian tribe-state compacts, which were entered pursuant to the Indian Gaming Regulatory Act ("IGRA"). *Pauma Band of Mission Indians of Pauma & Yuima Reservation v. California*, 813 F.3d 1155, 1163 (9th Cir. 2015). State law claims related to contracts with Native American tribes raise substantial federal questions such as the scope a tribal government's authority, the applicability of tribal law to non-Native entities, or the validity of federally-regulated contracts. *Peabody Coal Co. v. Navajo Nation*, 373 F.3d 945, 950 (9th Cir. 2004). Plaintiff's Complaint and its assertion of the Compact raises all three issues. *See* ¶¶ 3-8 of Plaintiff's Complaint attached as **Exhibit A** to the Declaration of Annette F. Mijanovic.

9. Therefore, because the Complaint raises issues pertaining to IGRA that are completely preempted by federal law and because a substantial question arising from federal law is present as required pursuant to §1331, federal question jurisdiction exists in this action.

10. This is a case of a wholly civil nature brought in California State Court. Pursuant to 28 U.S.C. §1441(a), this civil action may be removed by Defendant to this Court.

11. Plaintiff filed the State Court Action in the Superior Court of California, County of Santa Barbara and therefore, the United States District Court for the Central District of California, Western Division, is the appropriate venue for removal of the State Court Action as it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. §§1441(a), 1391(b).

12. Based on the foregoing, this Court has original jurisdiction over the Complaint, and removal to this Court from the Superior Court of California, Santa Barbara County, is proper pursuant to 28 U.S.C. Sections 1331 and 1441, respectively.

13. Pursuant to 28 U.S.C. §1446(b), this Notice of Removal is timely filed within thirty days after receiving a paper from which it can be ascertained that the case is removable.

14. Pursuant to 28 U.S.C. §1446(d), Defendant will promptly provide written notice of removal of this action to Plaintiff, and will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of California, Santa Barbara County.

15. All Defendants who, upon information and belief, have been served have filed this Notice of Removal or consent to removal of this action. *See* Declaration of Annette F. Mijanovic, ¶ 4 and E-mail attached as **Exhibit B** thereto.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

WHEREFORE, Specially Appearing Defendant, Santa Ynez Band of Chumash Mission Indians, respectfully requests that this Court assume jurisdiction over this action in accordance with 28 U.S.C. §§1331, 1441, and 1446.

Dated: November 24, 2021          HAIGHT BROWN & BONESTEEL LLP

By:     /s/ Annette F. Mijanovic
      Annette F. Mijanovic
      Philip E. McDermott
      Attorneys for Specially Appearing
      Defendant SANTA YNEZ BAND OF
      CHUMASH MISSION INDIANS

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

*Jane Doe v. Santa Ynez Bank of Mission Indians, et al.*
Case No. 21CV04421

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 555 South Flower Street, Forty-Fifth Floor, Los Angeles, CA 90071.

On November 24, 2021, I served true copies of the following document(s) described as **NOTICE OF REMOVAL** on the interested parties in this action as follows:

Janean Acevedo Daniels
LAW OFFICE OF JANEAN ACEVEDO DANIELS
1160 Via del Rey
Goleta, CA 93117

Attorney for Plaintiff
Tel: (805) 284-4428
Fax: (805) 456-2050
Email: ianean@iadanielslaw.com

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with the practice of Haight Brown & Bonesteel LLP for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope was placed in the mail at Los Angeles, California.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 24, 2021, at Los Angeles, California.

/s/ Julie C. Mentesana
Julie C. Mentesana

11000-0002562
13973193.1

1

Case No.
NOTICE OF REMOVAL